08-1711-ag (L); 08-1750-ag (Con)
Dong v. Holder

BIA
Morace, IJ
A099 083 367
A099 083 366

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges.*

_____

YAN FANG DONG, YAO DI CHEN,
        *Petitioners*,

        v.                                    08-1711-ag (L);
                                              08-1750-ag (Con)
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[1]
        *Respondent.*

_____

FOR PETITIONERS:         Lee Ratner, Law Offices of Michael

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**Brown, New York, New York.**

**FOR RESPONDENT:** **Michael F. Hertz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Yao Di Chen and her daughter Yan Fang Dong, natives and citizens of the People's Republic of China, seek review of the March 20, 2008, orders of the BIA, affirming the March 31, 2006, decision of Immigration Judge ("IJ") Philip Morace, which pretermitted their application for asylum, and denied their application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yao Di Chen*, No. A099 083 366 (B.I.A. Mar. 20, 2008); *In re Yan Fang Dong*, No. A099 083 367 (B.I.A. Mar. 20, 2008), *aff'g* Nos. A099 083 366/367 (Immig. Ct. N.Y. City Mar. 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

**A.   Asylum**

As an initial matter, we lack jurisdiction to review the IJ's decision insofar as it pretermitted Petitioners' untimely asylum application because they do not present a constitutional claim or question of law with respect to that finding. *See* 8 U.S.C. § 1158(a)(3); *Gui Yin Liu v. INS*, 508 F.3d 716, 720-21 (2d Cir. 2007). Accordingly, we dismiss the petition for review to this extent. We may, however, review the agency's denial of Petitioner Chen's applications for withholding of removal and CAT relief.[2] *See Gui Yin Liu*, 508 F.3d at 721.

**B.   Withholding of Removal and CAT**

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quotation marks omitted). The applicable standards

---

[2] Although the BIA issued two decisions, addressing Chen and Dong's application for relief individually, Chen was the lead applicant, while Dong was the derivative beneficiary included in Chen's asylum application. A derivative applicant is entitled to asylum if the lead is granted that relief. *See* 8 U.S.C. § 1158(b)(3)(A); 8 C.F.R. § 1208.21. But there is no derivative benefit that attaches to a grant of withholding or CAT relief. *See Wu Zheng Huang v. INS*, 436 F.3d 89, 100-01 (2d Cir. 2006). Therefore, Chen is referred to as Petitioner for purposes of this Order.

3

of review are well-established.  *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Petitioner argues that she established her eligibility for relief based on the past persecution she suffered for violating the Chinese family planning policy.  Although the IJ did not specifically mention the conditions Petitioner faced in detention, he acknowledged that detention in his summary of the facts of the case.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 315, 338 n.17 (2d Cir. 2006) (the IJ is presumed to have considered all the evidence unless the record "compellingly suggests otherwise").  Nor do we find error in the IJ's determination that any harm Petitioner endured while in detention did not rise to the level of persecution.  *See Ivanishvili v. U.S. Dep't*, 433 F.3d 332, 341 (2d Cir. 2006).  With respect to Petitioner's argument that she suffered past persecution based on her forced IUD insertion and mandatory gynecological exams, because she does not allege that these procedures were accompanied by any "aggravating circumstances," the IJ did not err in finding that they did not constitute persecution.  *See Xia Fan Huang v. Holder*, 591 F.3d 124, 128-30 (2d Cir. 2010).

Petitioner also argues that her case merits remand

4

because this Court's intervening decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008), clarified the requirements of a claim based on a fear of sterilization. But as the Government counters, the three-step analysis we upheld in *Jian Hui Shao*, 546 F.3d at 170, was set out in the BIA's precedential decision, *Matter of J-H-S-*, 24 I. & N. Dec. 196, 198-201 (BIA 2007), a decision issued before Petitioner filed her appeal to the BIA. Accordingly, she was on notice that to prevail, she was required to make the showing described in *Matter of J-H-S-*. Moreover, as the Government argues, Petitioner does not otherwise challenge the agency's determination that she did not show that she would more likely than not face persecution if returned to China, and has thus abandoned any such argument. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). Finally, Petitioner does not challenge the agency's denial of her CAT claim.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

5

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk